Gunter Eben
89 Longview Drive
Emerson, New Jersey 07630

Interpleader Defendant *Pro Se*
Individually and on behalf
of CMA Trading, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>Interpleader Plaintiff,<br><br>v.<br><br>CMA TRADING, INC. F/K/A D&E GROUP, INC., GUNTHER EBEN AND HONG HOLDINGS, LLC,<br><br>Interpleader Defendants. | Civil Action No.<br>2:19-CV-00130-SDW-LDW<br><br>**VERIFIED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S INTERPLEADER COMPLAINT AND JURY DEMAND** |

**STATEMENT PURSUANT TO LOCAL CIVIL RULE 10.1**

Interpleader Defendant CMA Trading, Inc. is a Florida corporation registered to do business in New Jersey, and has an address at 297-101 Kinderkamack Road, Oradell, New Jersey 07649. Interpleader Defendant Gunter Eben s/h/a Gunther Eben has an address at 89 Longview Drive, Emerson, New Jersey 07630. Upon information and belief, Interpleader Plaintiff Chase Bank ("Chase") has its main office located at 1111 Polaris Parkway, Columbus, Ohio, and banking branches located in the State of New Jersey. Upon information and belief, Interpleader Defendant Hong Holdings ("Hong") has

its a principal place of business located at 4520 E. Thousand Oaks Boulevard, Suite 200, Westlake Village, California 91362.

## VERIFIED ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S INTERPLEADER COMPLAINT

Interpleader Defendants CMA Trading, Inc. and Gunter Eben s/h/a Gunther Eben (collectively "CMA") respond to Plaintiff's Complaint ("Complaint") as follows:

1. CMA is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. CMA admits the truth of the allegations in Paragraph 2 of the Complaint.

3. CMA admits the truth of the allegations in Paragraph 3 of the Complaint.

4. CMA is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

### JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 contain legal conclusions that CMA is not required to admit or deny.

6. The allegations contained in Paragraph 5 contain legal conclusions that CMA is not required to admit or deny.

### OPERATIVE FACTS

7. CMA admits the truth of the allegations contained in Paragraph 7 to the extent that the checking account exists, but denies that the funds are within the account, because Chase improperly moved this Court, prior to CMA being served with any pleading and prior to issue being joined, to have this Court impound the funds in the account.

8. CMA admits the truth of the allegations contained in Paragraph 8 to the extent that the checking account exists, but denies that the funds are within the account, because Chase improperly moved this Court, prior to CMA being served with any pleading and prior to issue being joined, to have this Court impound the funds in the account.

9. CMA admits the truth of the allegations contained in Paragraph 9 to the extent that the accounts exist, but denies that Eben is the sole signer on all accounts, or that the funds are within the account, because Chase's outside counsel improperly moved this Court, prior to CMA being served with any pleading and prior to issue being joined, to have this Court impound the funds in the accounts.

10. CMA admits the truth of the allegations in Paragraph 10 of the Complaint to the extent that it appears that Hong wired funds into a CMA account, but there is a question as to whether Hong actually is responsible for the wire, and/or whether Hong may have perpetrated a fraud.

11. CMA admits the truth of the allegations in Paragraph 11 of the Complaint, subject to proper verification that the transfers took place as described.

12. CMA admits the truth of the allegations in Paragraph 12 of the Complaint, subject to proper verification that the transfers took place as described.

13. CMA is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint. Both Wells Fargo and Chase refused to provide evidence of this allegation.

14. CMA is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. CMA admits the truth of the allegations in Paragraph 15 of the Complaint, subject to proper interpretation of the term 'consistent basis'.

16. CMA denies the way in which the allegations are phrased and set forth in Paragraph 16 of the Complaint, but admits that Chase sought to reach a solution with CMA as to the release of the accounts' funds. CMA provided ten exhibits to Chase verifying that CMA and its business partner were not at fault, and were the victim of a scam perpetrated by Hong Holdings and Joe Washington. These ten exhibits are attached hereto, but are requested to be sealed and not placed in the public domain due to their confidential nature.

17. The allegations contained in Paragraph 17 contain legal conclusions and factual interpretations that CMA is not required to admit or deny.

18. CMA is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, except that as to the allegations contained in Paragraph 18 contain that legal conclusions, CMA is not required to admit or deny.

### FIRST COUNT

19. CM adopts and incorporates by reference the foregoing paragraphs as if fully restated herein.

20. CMA is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, except that as to the allegations contained in Paragraph 19 contain that legal conclusions, CMA is not required to admit or deny.

21. CMA is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, except that as to the allegations contained in Paragraph 20 contain that legal conclusions, CMA is not required to admit or deny.

22. CMA is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, except that as to the allegations contained in Paragraph 21 contain that legal conclusions, CMA is not required to admit or deny. Chase outside counsel improperly moved this Court, prior to CMA being served with any pleading and prior to issue being joined, to have this Court impound the funds in the accounts.

23. CMA is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, except that as to the allegations contained in Paragraph 22 contain that legal conclusions, CMA is not required to admit or deny.

## FIRST AFFIRMATIVE DEFENSE

24. Plaintiff's claims fail to state a claim upon which relief can be granted, either in whole or in part.

## SECOND AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred, in whole or in part, by their own unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred, in whole or in part, because plaintiff owes CMA a fiduciary duty to, among other things, protect CMA's monies and accounts.

### SEVENTH AFFIRMATIVE DEFENSE

30. Plaintiff is seeking to recover more than what he it is entitled at law or in equity, which would result in Plaintiff being unjustly enriched.

### EIGHTH AFFIRMATIVE DEFENSE

31. Plaintiff did not and has not taken any affirmative steps to mitigate it's damages.

### NINTH AFFIRMATIVE DEFENSE

32. CMA cannot be held liable, in whole or in part, on Plaintiff's claims based upon the comparative fault of third parties.

### TENTH AFFIRMATIVE DEFENSE

33. CMA reserves the right to amend their Verified Answer to raise any other and further defense that they, individually and/or collectively, may determine in the future to apply.

WHEREFORE, having answered the Plaintiff's complaint, Interpleader Defendants CMA respectfully requests that:

1. Plaintiff's interpleader complaint be dismissed with prejudice or judgment be entered in the favor of Defendants CMA on all counts; and

2. Vacating this Court's Order granting Plaintiff's motion as to the funds in CMA's collective accounts, as the motion was filed prior to service of pleadings upon CMA and prior to issue being joined;

3. Denying payment to Chase's counsel from CMA's funds, impounded or otherwise; and

2. for such other and further relief that the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

*[signature]*

Gunter Eben, individually and on behalf of
CMA Trading, Inc.

## VERIFICATION

Gunter Eben, on behalf of himself individually and CMA Trading, Inc., states that he is the responding interpleader defendant in the foregoing Verified Answer, that he has read the foregoing Verified Answer, and is familiar with its contents; that the same is true to his knowledge, except as to the matters therein stated to be otherwise.

*[signature]*
Gunter Eben

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

_____
Gunter Eben

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of February 2019, a copy of the foregoing Verified Answer was served via overnight mail, on:

Clerk of the Court
U.S. District Court for the District of New Jersey
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
973-645-3730

Anthony C. Valenziano
SHERMAN WELLS SYLVESTER & STAMELMAN LLP
210 Park Avenue, 2nd Floor
Florham Park, New Jersey 07932 (973) 302-9700
Attorneys for Interpleader Plaintiff JPMorgan Chase Bank, N.A.

Hong Holdings, LLC
4520 E Thousand Oaks Blvd, Suite 200
Westlake Village, CA 91362

_____
Gunter Eben

STATE OF NEW JERSEY
COUNTY OF Bergen          ) ss:

__Sandra Valerio_____ being duly sworn says:

The person who has executed the foregoing Verified Answer (including Certification 11.2 and Verification) with Affirmative Defenses and Certificate of Service, and is personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
(signature of individual taking acknowledgment)
Printed Name: Sandra Valerio
Date: 2/ic/19

SANDRA VALERIO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 9/22/2020