# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**Leda Dunn Wettre**<br>United States Magistrate Judge | **Martin Luther King Federal Building**<br>**& U.S. Courthouse**<br>**50 Walnut Street**<br>**Newark, NJ 07101**<br>**(973) 645-3574** |

July 2, 2020

To:    All counsel of record

**REPORT & RECOMMENDATION**

Re:    *JPMorgan Chase Bank, N.A. v. CMA Trading, Inc., et al.*,
       Civ. A. No. 19-130 (SDW) (LDW)

Dear Counsel:

      This Report and Recommendation addresses interpleader defendant Hong Holdings, LLC's motion to reopen this action and enforce the parties' settlement. (ECF No. 48). No timely opposition to the motion has been received. The Honorable Susan D. Wigenton, U.S.D.J., referred this motion to the undersigned for a Report and Recommendation. Having considered the Declaration of Alexander G. Benisatto in support of the motion, and for good cause shown, the Court recommends that this action be reopened and Hong Holdings' motion to enforce the settlement be **GRANTED**.

      JPMorgan Chase Bank, N.A. filed this interpleader action on January 4, 2019 to resolve the competing claims of defendants CMA Trading, Inc., Gunter Eben (CMA Trading's principal), and Hong Holdings to $34,407.32 that has been deposited with the Court. (ECF Nos. 1, 12). On February 13, 2019, Hong Holdings answered the complaint and asserted a number of crossclaims, including fraud, conversion, and unjust enrichment, against Eben and CMA Trading. (ECF No. 14). Eben and CMA Trading ultimately answered the complaint on August 2, 2019, after several months of delay caused by their failure to appear by counsel. (ECF No. 32). The Court convened a settlement conference on January 30, 2020. John Yu and his attorney, Alexander Benisatto, appeared in-person on behalf of Hong Holdings, and Gunter Eben and his attorney, Kevin Musiakiewicz, appeared in-person on behalf of Eben and CMA Trading. (Benisatto Decl. ¶ 7, ECF No. 48-1). The parties' negotiations proved successful, and they reached a settlement in principle whereby: (1) the interpleaded funds would be released to Hong Holdings by Court order; (2) Eben and CMA Trading would make an additional settlement payment of $50,000 to Hong Holdings within sixty days of the settlement conference; (3) Eben and CMA Trading would execute a consent judgment, jointly and severally, for $65,000 to be entered in the event of default on the $50,000 settlement payment; and (4) Eben and CMA Trading would dismiss without prejudice their third-party complaint. (*Id.* ¶ 9, Ex. B).

The parties memorialized the terms of the settlement on the record. (Jan. 30, 2020 Tr. at 3:16-4:10, ECF No. 48-2). Thereafter, the Court conducted the following *voir dire* of Eben and his attorney:

> THE COURT: Okay. Let me ask Mr. Musiakiewicz whether those terms are the same -- your understanding that the settlement has indeed been reached on those terms that Mr. Benisatto just stated?
>
> MR. MUSIAKIEWICZ: Those terms are correct, Your Honor.
>
> THE COURT: Okay. And let me just ask your client, since he's here, a couple of questions.
>
> …
>
> THE COURT: What is your relationship, if any, to CMA Trading?
>
> MR. EBEN: I'm the owner of the company.
>
> THE COURT: Okay. So you're authorized to speak on its behalf?
>
> MR. EBEN: Yes, that's correct.
>
> THE COURT: Okay. Did you hear the settlement terms that were just stated by counsel for Hong Holdings?
>
> MR. EBEN: Yes, I did.
>
> THE COURT: Okay. Do you understand the settlement terms?
>
> MR. EBEN: I understand and agree with them fully.
>
> THE COURT: Okay. Have you had an opportunity, before agreeing to them, to discuss the settlement terms . . . with your attorney Mr. Musiakiewicz? And that's directed to Mr. Eben. Did you have a chance to speak with your lawyer?
>
> MR. EBEN: Yes. Oh, yes.
>
> THE COURT: Okay. And you're satisfied with his explanations?
>
> MR. EBEN: I'm sorry?
>
> THE COURT: Are you satisfied with his explanations?
>
> MR. EBEN: Oh, yes, absolutely.

> . . .
>
> THE COURT: And do you have any questions for the Court at this time about the settlement?
>
> MR. EBEN: No.
>
> THE COURT: Okay.
>
> MR. EBEN: Nothing at all.
>
> THE COURT: All right. And you feel that the payment terms you've agreed to are achievable by you financially?
>
> MR. EBEN: Yes. They're perfectly satisfactory.
>
> THE COURT: Okay. Very good. And so no one's talked you into this settlement. You're agreeing of your own free will. Is that correct?
>
> MR. EBEN: Oh, absolutely.
>
> THE COURT: Okay. Very good. I'm satisfied that Mr. Eben agrees voluntarily to the settlement on his own behalf and that of CMA Trading.

(*Id.* at 4:11-7:1). The parties having reached a settlement, on January 31, 2020, the Court entered an order administratively terminating this action and giving the parties sixty days to consummate settlement or request that the case be reopened. (ECF No. 44). The parties requested, and were granted, an extension of time through April 30, 2020 to finalize settlement documents and file all papers necessary to dismiss the action or, if necessary, to request that the action be reopened. (ECF No. 46).

On April 29, 2020, Hong Holdings filed the instant motion to reopen the case and enforce the settlement. Hong Holdings' counsel affirms that on February 19, 2020, he sent Eben and CMA Trading's counsel a draft Settlement Agreement and Mutual Release, a Consent Order for release of the interpleaded funds to Hong Holdings, a Consent Judgment, and a Stipulation of Dismissal. (Benisatto Decl. ¶¶ 14-15, Ex. C). On June 24, 2020, counsel for Hong Holdings received a signed copy of the Settlement Agreement from Eben and CMA Trading, but as of June 30, 2020, had not received the $50,000 settlement payment, a signed Consent Judgment, or a signed Consent Order for the release of the interpleaded funds. (ECF No. 53).

The Court applies the same standard as a motion for summary judgment in determining whether a settlement agreement should be enforced. *See Washington v. Klem*, 388 F. App'x 84, 85 (3d Cir. 2010) (per curiam); *Natale v. E. Coast Salon Servs., Inc.*, Civ. No. 13-1254, 2016 WL 659722, at *2 (D.N.J. Feb. 18, 2016). In other words, the Court considers the record evidence and determines whether there is a genuine dispute of material fact regarding the formation of an enforceable contract. As a settlement agreement is a form of contract, the Court looks to New

3

Jersey contract law to guide its analysis. *See United States v. Struble*, 489 F. App'x 599, 602 (3d Cir. 2012) (per curiam).

"A contract is formed where there is offer and acceptance and terms sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty. That contract is enforceable if the parties agree on essential terms, and manifest an intention to be bound by those terms." *Natale*, 2016 WL 659722, at *2 (citations omitted). Under New Jersey law, a contract may be formed "if the parties orally agree on the essential terms, 'even though they contemplate the later execution of a formal document to memorialize their undertaking.'" *McDonnell v. Engine Distributors*, Civ. A. No. 03-1999, 2007 WL 2814628, at *3 (D.N.J. Sept. 24, 2007) (quoting *United States v. Lightman*, 988 F. Supp. 448, 459 (D.N.J. 1997)). Here, there is no dispute that the parties entered into an enforceable contract at the January 30, 2020 settlement conference, which was later formalized in writing and eventually executed by Eben. The parties, assisted by counsel, set forth all essential terms of the settlement on the record, including the settlement amount, the timing of payment, the amount of the consent judgment against Eben and CMA Trading, the circumstances under which the consent judgment could be entered, and the dismissal of claims. Those terms are sufficiently definite, and Eben clearly manifested his consent to be bound by them. *See* Jan. 30, 2020 Tr. at 5:16 ("I understand [the settlement terms] and agree with them fully."); *id.* at 6:19 (confirming that the settlement payment terms are "perfectly satisfactory"). There is nothing in the record to suggest "an absence of mutuality of accord between the parties or their attorneys in some substantial particulars, or [that] the stipulated agreement is incomplete in some of its material and essential terms." *McDonnell*, 2007 WL 2814628, at *3 (quotations omitted).

Furthermore, "[a]n agreement to settle a lawsuit is a contract which, like all other contracts, may be entered freely into, and which a court, absent a demonstration of fraud or other compelling circumstances shall honor and enforce as it does other contracts." *Struble*, 489 F. App'x at 602 (quotations omitted). Eben has not raised, and the record does not reflect, any circumstances that would justify setting aside the settlement agreement. Eben stated on the record that he had authority to bind CMA Trading, and that he entered into the settlement on behalf of himself and CMA Trading knowingly, voluntarily, and with the assistance of counsel. *See MedPointe Healthcare, Inc. v. Kozachuk*, Civ. A. No. 04-2019, 2009 WL 540680, at *5 (D.N.J. Mar. 4, 2009) ("Taking into account the entire May 14, 2008 settlement conference as well as the entire exchange that took place on the Record, the Court finds that [defendant] understood the May 14, 2008 proceeding and intended and in fact agreed to settle this matter for the terms outlined above. [Defendant] now apparently regrets his decision. That regret, however, is not a reason for this Court to refuse to enforce the settlement reached in this matter.").

Accordingly, and in light of New Jersey's strong public policy in favor of settlements, *Nolan by Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990), the Court recommends that Hong Holdings' motion to reopen this action and enforce the settlement agreement against Eben and CMA Trading (ECF No. 48) be **GRANTED**. Specifically, in accordance with the terms of the parties' settlement agreement, the Court recommends entry of: (1) an order directing the Clerk of Court to release the entirety of the interpleaded funds deposited in the Court's Disputed Ownership Fund, minus any applicable administrative fees, to Hong Holdings, LLC, d/b/a Conico Management, by way of check made payable to "Shapiro Croland Attorney Trust Account," and sent to Shapiro, Croland,

Reiser, Apfel & Di Iorio, LLP, Continental Plaza II, 411 Hackensack Avenue, Hackensack, New Jersey 07601, Attn. Alexander G Benisatto, Esq.; (2) judgment against CMA Trading, Inc. f/k/a D & E Group, Inc. and Gunter Eben, individually, jointly and severally, in the amount $65,000, together with post-judgment interest, on account of their failure to timely make the required $50,000 settlement payment; and (3) an order dismissing the third-party complaint without prejudice. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Hon. Susan D. Wigenton, U.S.D.J.

*s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

Original: Clerk of the Court
cc: Hon. Susan D. Wigenton, U.S.D.J.
All Parties